# United States District Court
# Northern District of Indiana

| DONTE PAULK, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 3:10-CV-394 JVB |
| v. | ) | |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Donte Paulk, a *pro se* prisoner, was found guilty of the unauthorized use of an electronic device in violation B-207 by the Indiana State Prison Disciplinary Hearing Body (DHB) on March 16, 2010. In ISP 10-03-0169, he was sanctioned with the loss of fifteen days earned credit time. He brings this habeas corpus action and raises one ground to challenge the finding of guilt. Paulk argues that there was insufficient evidence to find him guilty. The conduct report explains the evidence against Paulk:

> On March 5, 2010, Offender Donte Paulk 159315, was positively identified as having pictures posted on mocospace.com, a social network for cell phone users. The pictures were taken from within the Indiana State Prison and are viewed as taken by means of a cell phone. This is in violation of Adult Disciplinary Procedure and Policy 02-04-101.

(DE 7-1 at 1.)

Paulk does not dispute that the photos are of him. Rather, he stated during the hearing that his family or friends put them on the website. Then he provided two inconsistent explanations for the source of those photos. First he argued that they were taken in the prison by some official who was permitted to take photos. Second, he argued that they were taken in his basement at home before he was incarcerated.

"In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985) (quotations marks and citation omitted). In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455–56 (1985).

It is true that the photos do not contain anything which would clearly distinguish them as having been taken in a prison cell, but neither do they contain anything which would clearly identify them as having been taken outside of the prison either. Here, it was not unreasonable for the DHB to have concluded that these photos were taken with a cell phone. Neither was it unreasonable for the DHB to have decided that they were taken in the prison. Although other possibilities exist, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457.

For the foregoing reasons, the habeas corpus petition is **DENIED**.

**SO ORDERED** on October 27, 2011.

  s/Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division